UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GABRIEL S. OWEN, No. 1159390**

        Petitioner,

v.                                       **Case No. 2:19-cv-315**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Gabriel S. Owen's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 5, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 18. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(j). For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**, and the Petition, ECF No. 5, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner filed a federal writ of habeas corpus petition claiming his sentence was not properly credited for time spent in a Detention and Diversion Program. ECF No. 5 at 5. In April

2011, Petitioner was sentenced to five years imprisonment with four years and two months suspended for Possession with the Intent to Distribute Marijuana. ECF No. 17 at 2.  In December 2016, Petitioner was convicted of Unlawful Wounding and Violation of Good Behavior. *Id.* For the Unlawful Wounding conviction, Petitioner was sentenced to five years imprisonment with five years suspended. *Id.* Simultaneously, Petitioner's four year and two month suspended sentence for the marijuana conviction was revoked with two years resuspended for Violation of Good Behavior. *Id.* Rather than serving the two year and two month active sentence for the marijuana conviction in a local jail, Petitioner was released to a Detention and Diversion Program. *Id.* Time spent in the program was credited toward the active sentence for Marijuana.[1] *Id.*

As a result of a probation violation in February 2018, Petitioner's two-year suspended sentence for the marijuana conviction and five-year suspended sentence for the Unlawful Wounding conviction were revoked with one year and five years resuspended respectively. *Id.* On June 3, 2019, Petitioner was convicted of a probation violation and the court revoked both suspended sentences for a total active sentence of six years. *Id.* at 3.

Petitioner filed the present petition on July 24, 2019, claiming his sentence was not properly credited for his completion of the Detention and Diversion Program.[2] ECF No. 5 at 5. The records indicate that Petitioner did not appeal his probation violation nor file a state habeas appeal. ECF No. 19 attach. 1 at 1.

## II. ANALYSIS

The preliminary inquiry in a federal habeas petition is whether Petitioner appropriately exhausted the claims asserted in the Petition.  Without the proper exhaustion of state remedies, this

---

[1] Petitioner's two year and two month active sentence was credited a total of 543 days, including 165 days in the Diversion Center and 167 days in the Detention Center.  ECF No. 17 at 2.
[2] Petitioner originally filed a form complaint under 42 U.S.C. § 1983 on June 17, 2019.  ECF No. 1.  On July 9, 2019, the Court directed Petitioner to file a § 2254 petition instead.  ECF No. 4.

Court cannot consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1). Section 2254 allows a person held in state custody to challenge detention on the grounds that their custody violates the "Constitution or laws or treatises of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must first exhaust available state remedies or demonstrate the ineffectiveness or absence of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing U.S.C. § 2254(b)(1); *Matthew v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192, 205 (4th Cir. 2011)). The habeas petitioner carries the burden of proving that a claim has been appropriately exhausted. *Breard*, 134 F.3d at 619 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)). The exhaustion requirement is satisfied if the petitioner seeks review of their claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once in the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991) (citing *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988); *Wise v. Warden*, 839 F.2d 1030, 1033–34 (4th Cir. 1988); *Daye v. Attorney Gen.*, 696 F.2d 186 (2d Cir. 1982)). Therefore, the Supreme Court of Virginia must have ruled on the factual allegations presented here through direct appeal or on habeas petition for Petitioner to satisfy the exhaustion requirement.

Petitioner indicates that he has not appealed the judgement from his convictions, sought review by a higher state court, nor filed any petitions, motions, or applications concerning the judgment in state court. ECF No. 5 at 2–3. To explain why the available state remedies have not

been exhausted, Petitioner states, "I have contacted all authorities on this matter. To no avail." ECF No. 5 at 5. Later in the petition, however, Petitioner claims to have exhausted all remedies by writing to the D.O.C. and other authorities "numerous times." ECF No. 5 at 7. Merely writing to authorities is insufficient for the exhaustion of remedies. *See Mallory v. Smith*, 27 F.3d 991, 994 (1994) ("It is therefore required that a petitioner seeking federal habeas review make more than a perfunctory jaunt through the state court system, and habeas review in the federal courts will be available after the state courts have been 'provided a full and fair opportunity to review earlier state court proceedings"). Moreover, when ordering Petitioner to file a § 2254 petition rather than a 42 U.S.C. § 1983 claim, this Court warned Petitioner that "if he has not exhausted the grounds raised in his federal petition with the Supreme Court of Virginia, the petition may be subject to dismissal . . . ." ECF No. 4 at 1, FN 1. The Supreme Court of Virginia verified that Petitioner failed to file a direct appeal of his sentence, an appeal of petition for habeas corpus filed in any Circuit Court, or a petition for writ of habeas corpus filed under the original jurisdiction of the Supreme Court of Virginia. ECF No. 19, attach. 1 at 1. Because the Supreme Court of Virginia has not been presented with Petitioner's claim on direct appeal or through habeas petition, the exhaustion requirement has not been satisfied.

A state petitioner may petition for federal habeas relief if state remedies are absent or insufficient for relief. 28 U.S.C. § 2254(b)(1)(B)(i). Petitioner states he did not raise the issue on direct appeal because he "was told that [he] cannot appeal violation of probation hearings." ECF No. 5 at 6. However, Virginia Code expressly indicates a right to appeal the revocation of suspension of a sentence and probation. Va. Code Ann. § 19.2-306(E) (West 2016). Even if direct appeal had been unavailable, Petitioner would have to show that a habeas appeal in state court would be unavailable or insufficient before petitioning for federal habeas relief. *See* 28 U.S.C. §

2254(c) (stating remedies are not exhausted if Petitioner has a right under state law to raise the claim under any available procedure). Because Petitioner has state-level remedies available, he cannot petition for federal habeas relief.

The undersigned **FINDS** that Petitioner has not satisfied the exhaustion prerequisite to pursuing federal habeas relief because his claim has not been presented to the highest state court. Because Petitioner failed to file a petition or direct appeal in state court, a federal ruling would deny the state court a full and fair opportunity to consider Petitioner's claims. Therefore, the undersigned **RECOMMENDS** that Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**; and the Petition, ECF No. 5, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this Report and Recommendation to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of these Rules. A party may respond to another party's specific objections within fourteen days after being served with a copy thereof. *See* FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is

5

made. The parties are further notified that failure to file timely objections to the preceding findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and to counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 30, 2020